HARTELL (TILGHMAN v.). See Cases Nos. 14,039 and 14,040.

---

## Case No. 6,158.

HARTELL et al. v. VINEY et al.

[2 Wkly. Notes Cas. 602.]

Circuit Court, E. D. Pennsylvania. April 25, 1876.

TRADE-MARK—WORD "CENTENNIAL."

The word "Centennial" is general property, and cannot be used for a trade-mark.

[See Alleghany Fertilizer Co. v. Woodside, Case No. 206, note.]

Sur bill, answer, and proofs. The bill set forth that the plaintiffs [Hartell and Letchworth] were the original inventors of certain designs for medals, for which letters patent were granted them in November, 1874, consisting of perspective views of the Centennial Building; that the defendants are making and selling medals embodying the same designs as those described in said letters patent. Also, that the plaintiffs had registered in the patent office in May, 1873, a trade-mark, "the word 'Centennial' applied in any suitable manner to medals of any shape made of hard rubber or metal or plaster, either stamped, moulded, cast or engraved;" that the defendants have used said trade-mark upon large

1 [Reprinted by permission.]

quantities of medals in violation of complainants' rights; that letters patent were granted to John H. Shreiner, one of the defendants, in May, 1875, for a design for medals the same as that whereof the plaintiffs are the original inventors and patentees, and that this wrongful issue results to their irreparable injury. The bill prayed a decree that defendants' letters patent be declared void; an account; and an injunction restraining the defendants from making and selling said patented designs. The answer denied the use of the plaintiffs' trade-mark in any way in connection with medals, excepting that defendants have used the word "Centennial" upon lids of paper boxes containing wooden medals, and averred that the trade-mark registered by plaintiffs is limited to medals of metal, hard rubber, or plaster, and has no application whatever to articles or medals made of wood, and averred that the word "Centennial," as a trade-mark is invalid. It also denied infringement, on the ground that plaintiffs' design was for a perspective view, while defendants' was an elevation of the Exhibition Building.

M. Daniel Connolly, for complainants. Our trade-mark goes back to May, 1873, and we have letters patent for designs for medals for the Art Gallery and Main Exhibition Building.

CADWALADER, District Judge. Your claim is to monopoly in the subject, not alone in the trade-mark?

Yes, as applied to medals.

CADWALADER, District Judge. You contend that the word "Centennial" is good as a trade-mark for medals generally. Under the act of 1871 [Laws Pa. p. 131], it seems to me the world at large are entitled to be competitors at the exhibition, and that the word "Centennial" is common property.

Nearly all trade-marks are words in use as common property, but in our case there is no name of a person, and hence we are not within the statutory prohibitions. A word used as a trade-mark must not be generic, or a mere geographical designation, as was the case of the word "Lackawanna." Delaware & Hudson Canal Co. v. Clark [13 Wall. (80 U S.) 311]. But there is no objection to a trade-mark as merely suggestive. We claim an exclusive property in medals of this mark.

CADWALADER, District Judge. If you have a property, you should assert it at law, so as to ascertain whether you could get damages. In equity there is no appropriate remedy where the question of law is doubtful. This is a question of damages, and it is extremely doubtful whether a court of equity would not say the case is too doubtful for an injunction. Make out a title, if you can, at law.

We claim under act of congress of July 8, 1870, § 71 [16 Stat. 209], we first applied the design, and are entitled broadly to its application, and, on the principle of Gorham's

Manuf'g Co. v. White [Case No. 5,627], there is an infringement.

E. K. Nichols, contra.

Bill dismissed. No opinion.